This case is Peeble v. Randy Engles for the appellant, Mr. Thomas, and for the appellee, Ms. Brooks. May it please the court, counsel. First I wanted to touch on how this case came before this court and a little bit of confusion about the jurisdiction of this court. We believe the state has done an excellent job in sorting through the various states in here and providing a legal analysis to evidence that this court does have jurisdiction over this appeal. But I bring this up because some of the facts are also important for today's argument and as raised in the brief. The defendant was found guilty at a jury trial on October 17, 2013. At that time the judge ordered sentencing to take place on October 29, 2013. Sentencing did take place that day and at that time the trial judge sentenced the defendant to the statutory minimum of 10 days consecutive in the county jail. At that hearing the defendant made a motion to stay the execution of that sentence pending the filing of a motion for new trial and or filing a notice of appeal. Which was denied. On October 31st the defendant filed a motion for new trial. The following day the trial court entered an order setting the scheduling for the consideration of that motion for new trial allowing the state 14 days to file a written response. The defendant 7 days thereafter to file its response and then the court was going to rule based on the pleadings before it. It's important to note that the defendant's jail sentence was set to commence on November 8th. Which by my calculation would have put her sentence completely served before the trial court would have ever considered the motion for new trial. In that regard we filed incorrectly at the time a motion with this court to stay the execution of that sentence. The reason why ultimately we concluded and I believe this court concluded that that was a premature motion because of the pending notice of appeal. Our pending motion for new trial. So the defendant was faced with serving her sentence or filing some sort of rescission of the motion for new trial and then proceeding to this court strictly on a notice of appeal. Which as the state points out the rule of law would make her then rely simply on plain air and she would face waiving several of the other errors she's raised in her brief. We believe due to the facts and the circumstances here that if the court elects to apply the plain air doctrine and not consider the matters raised at least based on that rule. The court would first determine whether or not it was plain air for the trial judge to deny the motion to stay the execution of the sentence while there is a motion for new trial. And stay the sentence while an appeal would be sought. There was really no basis I believe of record that would require the trial court to demand that that sentence be served in the manner in which the trial court found proper. The defendant was on bond. This is a misdemeanor. She reported to every hearing in the case. She reported for sentencing. There was no indication that justice was not going to be served if she didn't serve her sentence prior to being able to seek any relief. So we believe that was plain air. With that plain air then we believe and we recognize the plethora of cases saying that you have to file that post-trial motion and I'm aware of cases stating that once the defendant withdraws that motion she's kind of stuck. I think there has to be an exception to that in these circumstances. Otherwise you're stuck between a rock and a hard place. And that just doesn't seem to reach the ends of justice there if you aren't really ever afforded an opportunity to raise the issues before the trial court before you've served your entire sentence. We believe that the record would show that any motion for a new trial is going to be meaningless before this particular trial judge in any circumstance. With that said, we've raised numerous errors in the petition or in the brief, one of which we believe that the trial court committed reversible error because the only witness called by the state was allowed to testify, to hear say testimony to establish the first element of the offense, or one of the elements of the offense that the defendant committed. The defendant's license was in fact suspended on the subject. The witness testified that he called an unnamed person at dispatch. That unnamed person checked, and I don't want to mistake the record, it was either a computer or a device, and then that person then reported based on that the defendant's license was suspended. Now the defendant did object at trial, did include that ultimately in the motion for a new trial that was withdrawn, and I believe the state has conceded that that was an improper ruling to overrule that objection, but they have contended that that nonetheless isn't reversible error because there was other substantial proof that the defendant was guilty on a reasonable doubt. We don't believe that is the case. When you have one witness, especially a police officer, telling the jury that she was suspended, that is certainly prejudicial to the defendant. Next, the state established that the defendant's license... Was the driver's license abstract admissible? Yes. Did you argue it was not admissible to the trial court? I don't believe I argued that it was not admissible. I asked that the abstract itself be submitted to the jury for consideration, and then that the defendant's abstract that she intended to introduce also be admitted. I'm not sure I understand your response. Would you say it again? I don't believe we argued to the trial court that the abstract was inadmissible. I believe the statute makes it admissible. I believe we argued to the trial judge that we wanted the actual abstract to go back versus the trial judge summarily telling the jury that the license is suspended. Why did you ask for the actual abstract to go back? Because there was also another abstract that showed her license was not suspended on that date, and one of the reasons that we also asked that is because the abstract itself stated, and I believe it's a summary suspension or an abbreviation thereof, in effect on this date. One of the things that tied into that is for that summary suspension to be in effect, the defendant had to have notice of that summary suspension. That was one of the keys to the defendant's defense, which she didn't get to necessarily present other than to testify. She didn't know that it was suspended. She received nothing in writing. That's key, we believe, to an analysis of whether or not she was suspended. We understand that the abstract is proof, but there are cases, and I believe we cited the applicable cases, that that is proof, but it's rebuttable. It creates a rebuttable presumption that that license was suspended. If the facts were that there was never written notice provided to the defendant, then that would simply be an erroneous entry on the abstract and not of any effect. We believe in the People versus Jackson case, not for this argument, but for the argument that this is basically a strict liability offense, a two-pronged test. Were they driving on a highway in the state of Illinois, and was their license in fact suspended? In that particular case, the driver had a valid driver's license that was issued by the Secretary of State as of record. The problem was the Secretary of State's office made an error in issuing that license because years prior he had his license, I believe, either revoked or suspended and didn't go through the proper procedures. So the court was saying that the state, despite the valid validity of this driver's license, has the right to show that those records are incorrect and there are matters affecting the validity of that license. On the contrary, the defendant should be afforded an opportunity to show that that was an error on the abstract and that certainly wasn't provided in this case. I think if the trial court's position is adopted, then basically the rule has changed from that being proof to that being essentially a purely legal issue. Once the abstract is presented to the court, the only element for trial then would be, were they driving? And that certainly was the position that the trial court took when the trial judge instructed the jury that her license was suspended. So we believe that too is reversible error. The next error, we believe, was not providing the jury with an appropriate jury instruction covering what we believe to be an essential element for, in fact, the license to be suspended on that date and that was written notice had to be provided to the defendant. So IPA is wrong where it doesn't contain that provision? IPA is not wrong in the general sense of most suspensions. In this particular case, though, we're talking about a summary suspension. The IPA strictly defines it as a suspension. And then we get into whether or not there was a conviction. I believe by law the summary suspension is not counted as a conviction and there are certain prerequisites before that becomes an effect. Isn't the issue whether the license was suspended as opposed to the reasons why? Yes, the issue would be whether or not the license was suspended as a matter of law. Was her license suspended? Not as a matter of law if she was not provided written notice. I'm not stating that the Secretary of State's records wouldn't have stated that it was suspended, but that doesn't make it necessarily true just as if... So a defendant's claim that she was unaware her license has been suspended trumps the suspension? It doesn't trump it. The State would then have to show that she did have notice of it either through testimony of the officer that would have provided her written notice or some sort of certification from the Secretary of State evidencing that written notice was mailed from them. In my experience, typically the officer would either provide written notice at the time or within days following, mail it to the defendant who has a record on the driver's license. That evidence was not presented to the trial court. In fact, the only evidence presented at trial was that the defendant was not provided any notice that her license would be suspended. What was that evidence? That was the defendant's testimony. What did she testify to at trial? She testified that she received no notice that her license was going to be suspended, and that was pretty short and to the point that that is what she testified to. So a defendant who so testifies defeats, trumps, or a suspension? In this particular case, then, I think... Well, what makes this case different from any other case in which a defendant would so testify, she didn't get notice my license was suspended, therefore I wasn't driving in violation of suspended license? But in order for the suspended... Is that the rule of law we're supposed to apply? No, I believe the rule of law is that the suspension comes into effect once written notice is provided. Not just taking the defendant's word, but that's the only proof before the trial court. That's the proof before the jury. I'm not saying that obviously every defendant, guilty or not,  said, well, I didn't know the law or I didn't know it was going to be suspended in the court. People can certainly easily, if that's the case, easily provide evidence that the written notice was provided. The jury instruction that we tender, I believe, is proper in that circumstance when that issue is called into play at the trial and the facts presented, that there is some evidence that notice was not provided, then that instruction has to be provided to the jury. Otherwise, it's meaningless to have that provision in the law. And then, ultimately, if you don't have that instruction to the jury, then defendant's testimony that she didn't receive notice is rendered meaningless. They're left with, well, she said it's not suspended, but the trial judge just told me it's suspended. And the officer's telling me it's suspended. She's obviously just getting up here to state something to save her case. And that's not the law that the judge has just told me and is going to tell me in the instruction and is going to tell me before she renders her instruction, taking that issue out of the purview of the jury. So I think that, in these particular circumstances where that notice provision is challenged, then that instruction has to come in unless the trial court somehow has presented proof positive that the notice was provided. And that wasn't the case in this particular instance. We believe, and we've raised the issue about the error in being able to properly cross-examine the dispatcher or the person who allegedly looked at the computer to say it was suspended, that that was errored to allow that testimony in. That, by doing so, also failed to allow the defendant to confront the witnesses against her. And the manner in which the trial court prepared the state and the proceedings before the officer testified, I think, was detrimental to the defendant as well. There was quite some contentious conversation about the witness's familiarity with the defendant. And, in fact, I believe it was conceded that the only time that the officer had any dealings with the defendant was at the DUI stop that was the underlying basis for the summary suspension. Yet, the trial judge wanted to make sure that no one brought that up and instructed the state and suggested that we go along with that the officer purely knows the defendant as someone in the community. That, to me, was completely improper to do. I mean, the facts are the facts. If the state's going to prove that, then they have to do so with the facts before them and the knowledge. And also, while the judge instructed the jury that the license was suspended and didn't allow them to see the abstract, the abstract the judge did allow in, which lets the cat out of the bag, so to say, that the license was suspended basically as a result of a DUI stop. So that issue's there of record to say that we can't bring that up on cross-examination and examine how this particular officer knew that that was the defendant driving it or to accept that it's purely knows her from the community. It renders the trial, again and again, meaningless. It becomes a sham. Counsel, on the question of notice, short of a trial after there has been an accusation of driving while license suspended, is there any other opportunity to raise the notice at some other type of hearing? The notice issue? That may be able to be addressed through the Illinois Secretary of State's office. I don't know that to be true. I do know that that's not one of the five statutory basis for challenging the summary suspension. So petitioning the circuit court saying you didn't get notice of the suspension is not one of the statutory basis to rescind it. So in this particular circumstance, I don't think that was something that the defendant could raise at that time. I don't know if she would have been entitled to an administrative hearing subsequent to the arrest that clear up her driving abstract. Are you talking about a petition to rescind on the five factors? Yes. I guess if there was never any notice, how would you ever be in a position to even file a petition to rescind? Well, she would have notice that she was arrested for DUI, and in this particular circumstance, she hired counsel not too far after being arrested for that, and then, in fact, we filed that petition. And that was an issue with us because she kept waiting to get the notice from the Secretary of State's office, and I don't believe that as of this day she ever received the notice. And the documentation provided to me shows that she had no documentation showing she was provided with the notice. Well, you get the notice when you get the DUI. I'm trying to follow what you're saying here. And you file a petition to rescind, but the fact you never got a notice from the Secretary of State would mean there's nothing to rescind. So logically, I'm trying to figure out how that all pieces together. Help me. Sure. And the purpose of the statute is to, one, provide the defendant notice that she's suspended, but also provide her notice of her right to seek review of that in the circuit court. In this particular circumstance, she was able to seek review of that by hiring counsel who informed her she had that right, and in fact filed a petition to rescind the summary suspension. I appreciate it. I'm probably not articulating my question as well, but it just seems like if there is a notice problem, it should not be brought up in a mini-trial on a DWLS, but it should have been brought up at some earlier stage. But perhaps that's not possible, and I appreciate you trying to answer my question. Thank you. I wish I could provide more clarity to that, and maybe that would be something that we'd consider going forward in other cases. But be that as it may, we believe that that notice requirement is essential to a driving law suspended in this particular instance. There are several other issues raised in the petition about the fairness of the trial. I would believe that the demeanor of the court, and as such, as more articulated in the brief, was just improper all around. The fairness of the trial was called into question before the jury, and especially when the jury was not present. The judge made no bones about it, that she wanted this case to go a particular way and evidence to be presented in a particular manner, and she didn't like anyone to challenge that. Thank you. We'll have additional time for rebuttal. Ms. Brooks. May I please support and counsel? My name is Allison Paige Brooks, and I represent the people in this case. First of all, the state did concede that the hearsay issue should have been sustained, the objection should have been sustained. However, because of the withdrawal of the post-trial motion, the issue was forfeited. And in any event, one of the elements of plain error, or even if it were not forfeited, the error would not be reversible because the error was harmless. As a result of the conclusiveness of the driving abstract that showed that the defendant's driving privileges were in fact suspended on the date she was arrested for driving, which was February 21, 2013. As to the issue with respect to jurisdiction, the state's research did not uncover a specific case that held that a defendant's motion to withdraw a post-trial motion that's pending has to be actually granted prior to the time in which the defendant files her notice of appeal. So in this case, the defendant simultaneously filed a motion to withdraw the pending post-trial motion and simultaneously filed her notice of appeal. Substantive to the date of her filing notice of appeal, the trial court then allows the motion to withdraw the pending post-trial motion. So the argument can be made that technically the post-trial motion was still pending at the time the notice of appeal was filed, thereby, per Supreme Court rules, rendering the notice of appeal a nullity and of no effect. However, it seems that under circumstances, the defendant's filing of the motion to withdraw her pending post-trial motion constitutes a circumstance that evinces her intent to abandon that pending motion, thereby giving her ability to file a notice of appeal right away. So the State does understand and appreciate her troubled issue with serving the 10-day sentence that was mandatory. However, part of the problem could be attributed to the defense's failure to file its post-trial motion until the time of sentencing, whereas the defense could have had an opportunity to file the post-trial motion after the trial but before the sentencing, securing a ruling on the post-trial motion prior to the start of the sentencing hearing, and thereby having an opportunity to secure a ruling on that without having the defendant face what actually happened, which was her choice of electing to withdraw the post-trial motion in order to file a notice of appeal, invoke the jurisdiction of this court, and obtain a stay of the mandatory jail term. Isn't the normal procedure to file a post-trial motion before sentencing? The State's understanding is that would be considered normal procedure, and that would have avoided the dilemma that the defendant faced with respect to requiring her to… I'm kind of surprised. I was a trial judge for a long time, and indeed, I don't think I ever would have even conducted a sentencing hearing after a trial, especially a jury trial, if I hadn't already received and read and dealt with a motion for a post-trial motion of some kind. Sometimes after sentencing, there's a motion to reconsider sentencing, but that's a different matter. Yes, I understand. But in this case, the post-trial motion was after sentencing? I'm not sure of the exact filing dates and sequence, but I think the defense did lose that opportunity to file it and present it prior to sentencing, and that was part of the problem that caused her… But as I said, the issue… The State's not having to rely on forfeiture in order to prevail because the issue was, even if this court would disregard the forfeiture as the defendant requests, the issue is not reversible. The admitted error in hearsay was harmless because the fact that sought to be proved by the hearsay, the effectiveness of the suspension was actually proved by the abstract, which was conclusive, rather than the hearsay from the dispatcher. So even though the jury heard that, there's no… The evidence of the suspension being in effect was overwhelming, and there was no probability that the jury would have acquitted the defendant had it not heard the hearsay testimony. With respect to the judge's admonition, the judge gave the defendant a choice, and the defendant postponed that choice for a while. Eventually, the judge just went ahead and admonished the jury as to the contents of the driving abstract. Part of the concern in these types of cases is the jury actually seeing the defendant's prior record or the basis of the suspension, which might prejudice the defendant's case. So the judge was sensitive to that. However, here it would not make any difference whether the judge told the jury what the abstract said versus the jury looking at the abstract itself. Essentially, the jury learned the exact same information, that the defendant's driving privileges were in fact suspended on February 21, 2013. However, the defense claim is that they had another abstract showing that her… The argument here is that her suspension was not in effect on that date. I believe what the defense is referring to is another abstract they tried to submit showing that the suspension had been rescinded subsequent to February 21, 2013, which under the Elliott decision which came out after this trial of the Supreme Court of Illinois shows that such rescissions have prospective effect only. So therefore, it would not defeat the charge of her driving on the date in which the suspension remained in effect. Because what the defense was trying to do was get the jury to somehow grant retroactive effect to the rescission, which the judge insisted correctly was actually a question of law. Because of the rescission, factually speaking, whether the defendant's driving license or driving privileges were suspended is a question of fact. But the element of the legal effect of the rescission, that adds a legal component to that question. And that's what the judge was trying to insulate the jury from, from having to resolve the question of law, what would be the legal effect of the rescission and try to keep that issue away from the jury to avoid confusing the jury or permitting the jury to decide the case on their own. Well, does the rescission become effective if there's no notice from the Secretary of State? The law says... I might have said rescission, there's a suspension is what I meant. Right, the suspension. You're right. The law requires the suspension to take effect, I think it's on the 46th day following giving a written notice. This here, the Secretary of State, I'm trying to remember the exact date, I think it might have been February 13th, was when the suspension actually took effect, which was the 46th day after her arrest. So the abstract itself actually certifies that all the proper notices were given, all the required statutory notices had been properly given. So that's actually on the abstract itself, which was admitted in the evidence. So that essentially is also evidence of the fact that the required notice was given. I understand the defendant testified contrary to that. But really, this gets to the element of whether this is an element of the offense. The fact of the suspension is the element of the offense. And what the defendant is trying to do is say that the element should actually be that it's not just a suspension, but it's a legally valid suspension that was in effect on the date that she drove. And so trying to put the legal validity... So there's a distinction between a suspension and a legal suspension? I think what the defense is trying to do is hold a collateral attack, in the middle of her jury trial, collaterally attack the basis of the suspension on the lack of notice. So essentially, this would be in effect a retroactive rescission, which is something that Elliot doesn't permit. What was the evidence of notice here in this case? Well, the only notice that I could find was the statement on the abstract that says that proper notices required by statute were properly given. When was the arrest for which the suspension was imposed? I think it was 46 days before. I don't have the exact date in my notes. Forty-six days, you say? I think it was 46 days before February 13th. Which was the date of the arrest in this case for the driving while suspended? The DUI arrest of your honor, is that what you're asking about? Yes. I'm not sure I have that date. Well, Mr. Thomas made some reference, if I understood him correctly, that the officer is supposed to tell the driver typically, as a result of this, you're now going to have your license suspended. Is that how it works? My understanding is this is a refusal, so she's supposed to get written notice right away? And was this a refusal? I think this was a refusal case that she ended up getting rescinded. I'm not sure exactly the basis of that, because I don't have a record for the DUI case and rescission hearing before me, so I'm not sure exactly why it was rescinded. But she tried to make arguments in this case that the DUI officer had, who is also the arresting officer for the driving while license suspended, had lied, perjured himself under oath in terms of instituting the suspension, and that was something she wanted to inject into this trial, but under the Cookson rule, it's something that cannot be brought out to impeach a witness, it's prior acts of untruthfulness. So that was something that the judge properly kept out. And the defense, of course, had an opportunity to try to show the witness's bias by saying, isn't it true that you, officer, arrested my client for DUI on X date, and that's why he recognized her, and why he knew that that's why he thought her license was suspended on February 21st. He had the opportunity to do that, what the defense was told was more of a suggestion rather than actually that line of inquiry was being barred. It was the defense had the opportunity to cross-examine the witness about bias against the defendant, but in doing so would have opened the door to that sort of prejudice. So the limitation that the trial judge spoke of with regard to the officer, what was his name? Thompson. Pardon? Officer Thompson. Thompson. Was a limitation imposed on the state and the officer during the state's questioning? Yes, Your Honor. It was a limitation on the prosecution not bringing that out. The defense would have been free to open the door, because the defense has a constitutional right to cross-examine witnesses for bias, but of course that doing so might open the door to some sort of prejudicial testimony they might want to keep out. Here they elected to try to keep that out. So it's somehow the suggestion that they were somehow forced into a script. The officer recognized her from the community, and they had no choice in proceeding otherwise. Were there any limitations imposed on defense when cross-examining the officer? Any limitations on the defense? On the cross-examination, yes. I don't remember that. I think there was a limitation in the cross-examination. I'm sorry, in the closing argument, a reference to not to bring up matters that weren't in evidence. I mean specifically the cross-examination of the officer. I don't know the answer to that question. Sorry, Your Honor. I think one of the arguments also was that the defense was limited in its closing argument. It turned out that what the defense did was suggested that they had other evidence they weren't permitted to bring into court. Outside the presence of the jury, the judge chastised the defense counsel for doing that, questioning his reasoning for why he did that. Of course he had inserted that he had mentioned some things in an opening statement, and he was merely trying to sort of like complete that and explain to the jury, but yet that was something the judge thought was highly improper, and that conversation was part of the arguments here in appeal for why he believes the judge was prejudiced and violated the defense's right to a fair trial. But it would have affected the jury. The closing argument was already done. The jury was already out deliberating. So nothing here that they're citing is something that would have had an impact on the jury. The state doesn't believe that the record actually shows any bias by the judge towards the defense. So, let's see if I'm checking for other arguments here. I believe that was all that I had to say, so I'd still entertain any other questions. There don't appear to be any. Okay, thank you. The people request this court to defer. Thank you. Rebuttal. In regard to the defendant's ability to cross-examine the officer on the DUI, I believe the trial court made that clear that that was not allowed. I think from the exception of the- Well, my understanding, though, is from-I may not have this correct, but this is a limitation imposed on the officer and the prosecution. Don't bring out the fact that you busted her for the DUI some months back as to why, to explain why you were suspicious that she was driving on suspension when you saw her. That wasn't necessary. But it seems to me that's an entirely appropriate thing to do with regard to them. But I would think that the record would have to be explicit because there would be no need to protect the defense that the court was restricting you to say, oh, and by the way, Mr. Thomas, you can't do that either. There's nothing in the record to suggest that, is there? I believe there is, Judge. I think at that point of the officer's testimony, I would have risked being held in contempt had I questioned him on the DUI from the opening statement. Well, when the witness was on the witness stand, did you seek to cross-examine him about any prior involvement with this defendant? I did cross-examine him thoroughly on his familiarity with this defendant without mentioning the term DUI. The trial judge in the opening statement, in fact, admonished defense counsel that this was not going to be a DUI trial and we were not going to try the DUI. She, again, stated that somewhere either before calling the witness, but it was clear that there was to be no examination about the DUI arrest. One of the problems with the argument, if I understand the argument you're making correctly, is that you are unduly restricted with regard to your cross-examination of the officer. Is that it? Yes. Don't you have to make an offer of proof so we would see what the argument was all about? That is, if permitted to do so in front of the jury, here's where I wanted to go and here's this evidence I was going to elicit. Do we have any of that? I don't know if we made an offer of proof directly on his testimony at that time. I believe there are offers of proof that address the issue of the DUI arrest and the circumstances. No, I mean... The notice. Offer of proof is a term of our counsel. I understand. An offer of proof means, if permitted, this is what I intended to elicit from the officer. Do we have that in this record? I don't believe so explicitly, no. How are we supposed to reverse the trial court without that based upon your claim that it was improper to prohibit me from pursuing this line of inquiry? The offer of proof was made in regard to the abstract and also we did touch on the fact of the rescission being as a result of the officer testifying three times under oath, once with his certification to the Secretary of State and at two separate hearings that he provided her with the proper notices and she refused. Ultimately, video revealed she never refused and he never asked her to take the test. So that was the material and the statement of fact the trial court found for the basis of the rescission. We believe that that's tied into, did he give her the notice that her license was going to be suspended? We couldn't examine him on that because we couldn't go back to the DUI. In theory, our argument was going to be he lied about her actually refusing the test. She's saying she didn't get the notice. Who are you going to believe, the gentleman that's told this court unequivocally three times that he heard her say that she refused the test that she didn't refuse or the defendant who from the get-go said she never refused the test. I think those two are tied into the underlying suspension, the notice requirements and so forth. So I think that the DUI case, or the arrest anyways, is very germane to the issues of driving while suspended and the credibility of the sole officer who said she was driving on that date and the sole officer who would have been the cause, his word would have been the cause for the entry of the suspension on the Secretary of State's records. So I think that was very key and I believe the record would show, in fact, the defendant was severely limited on what she would be able to examine that officer about. I guess to make it clear, the summary suspension was rescinded on the statutory ground that there was no refusal. I know the court inquired about that. Thank you. Thank you. We take this matter under advisement and stand in recess until 1 o'clock.